## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **MICHAEL S. FEINBERG**<br>47022 Bainbridge Place<br>Potomac Falls, Virginia 20165<br><br>and<br><br>**STEPHANIE I. FEINBERG**<br>47022 Bainbridge Place<br>Potomac Falls, Virginia 20165,<br><br>Plaintiffs,<br><br>v.<br><br>**PLANET F, INC. d/b/a LUCKY BAR**<br>SERVE:<br>Paul Lusty<br>3021 Rodman Street, N.W.<br>Washington, D.C. 20008,<br><br><br>Defendant. | Civil Action No. _____ |

### COMPLAINT AND JURY TRIAL DEMAND

COME NOW Plaintiffs Michael S. Feinberg ("Mr. Feinberg") and Stephanie I. Feinberg

("Mrs. Feinberg") (collectively, "Plaintiffs"), by counsel, and for their Complaint against Defendant

Planet F., Inc. d/b/a Lucky Bar ("Defendant," "Lucky Bar"), respectfully state as follows:

### Nature of Case

This is a civil action for severe and permanently debilitating bodily and emotional

injuries sustained by Plaintiff Mr. Feinberg while a patron at Lucky Bar on June 22, 2014. The

negligent and negligent *per se* conduct of Lucky Bar proximately caused such injuries. Plaintiff Mrs. Feinberg brings an action for loss of consortium.

## Jurisdiction and Venue

1. Jurisdiction in this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(1).

2. The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

3. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and Defendant is deemed to be a resident of this district.

## Parties

4. Plaintiff Michael S. Feinberg is now, and at all relevant times has been, an adult resident of the Commonwealth of Virginia, residing at 47022 Bainbridge Place, Potomac Falls, Virginia 20165.

5. Plaintiff Stephanie I. Feinberg is now, and at all relevant times has been, an adult resident of the Commonwealth of Virginia, residing at 47022 Bainbridge Place, Potomac Falls, Virginia 20165.

6. At all relevant times herein, Plaintiffs have been husband and wife, having been married on June 8, 1997, in the State of Florida.

7. Upon information and belief, Defendant Planet F., Inc. d/b/a Lucky Bar has at all relevant times been a corporation organized and existing under the laws of the District of Columbia,

2

having been incorporated in 1993, and having its principal place of business at 1221 Connecticut Avenue, N.W., Washington, D.C. 20036.

## Factual Background

8.      At all relevant times herein, Lucky Bar has held itself out to the public as a sports bar and restaurant, touting itself as a place to eat, dance, consume alcohol, and watch various professional sports on its numerous televisions, including but not limited to, professional World Cup soccer.

9.      At all relevant times, Lucky Bar has held License Number ABRA-020234 with the Alcoholic Beverage Regulation Administration ("ABRA").

10.      On June 22, 2014, a Sunday, Plaintiffs ate brunch at another establishment in the District of Columbia, and then went to Lucky Bar at approximately 1:00 p.m., intending to remain there to watch the 6:00 p.m. FIFA World Cup soccer match between the United States and Portugal.

11.      Plaintiffs were joined at Lucky Bar by three to four friends.

12.      Plaintiff Mr. Feinberg consumed beer during the approximately five hours between the time of his arrival at Lucky Bar and the beginning of the soccer game.

13.      During that five hours between the time of Plaintiffs' arrival at Lucky Bar and the start of the soccer game at 6:00 p.m., Lucky Bar employees/staff directly, acting within the scope of their employment/agency with Lucky Bar, served alcohol to Plaintiffs' table, including Mr. Feinberg.

14.      During that five hours between the time of Plaintiffs' arrival at Lucky Bar and the start of the soccer game at 6:00 p.m., Plaintiff Mr. Feinberg consumed approximately ten pint-

3

size glasses of beer, all in the plain view of and with the permission of Lucky Bar employees/staff.

15.    Despite the fact that Mr. Feinberg appeared – and in fact was – intoxicated, Lucky Bar employees/staff, including but not limited to Antoine Lyers, continued to serve alcohol to Mr. Feinberg and continued to permit him to consume alcohol, in direct contravention of District of Columbia law and in direct violation of its own security plan.

16.    At approximately 7:15 p.m., Mr. Feinberg, who was very heavily intoxicated as a result of consuming alcohol served by Lucky Bar's employees/staff (including Antoine Lyers), went to the bathroom in Lucky Bar, which was located in the rear of the bar and at the top of a long, narrow, and steep flight of stairs.

17.    Prior to Mr. Feinberg's use of the bathroom, and by Lucky Bar's own admission, Mr. Feinberg was most definitely very visibly intoxicated.

18.    As Mr. Feinberg was attempting to return to his table from the bathroom, and due to his extremely high level of intoxication caused by Lucky Bar's continued service of alcohol and continued permission to consume such alcohol, he fell down approximately ten to twelve stairs of the narrow, steep staircase, suffering severe and life-altering injuries.

19.    As a result of the fall, Mr. Feinberg collapsed in a bloody mess at the foot of those long, steep stairs.

20.    Because Lucky Bar was so overly crowded, patrons only slowly became aware of the incident.

21.    Mr. Feinberg was emergently transported via ambulance to George Washington University Hospital for treatment.

4

22.     Almost a full hour after the incident, Mr. Feinberg's blood alcohol content

("BAC") was measured at 293 mg/dL (*i.e.*, well over three and a half times the legal limit for

operating a motor vehicle).

23.     At no time between his arrival at Lucky Bar at around 1:00 p.m. and the incident

at around 7:15 p.m. did Mr. Feinberg leave Lucky Bar or consume alcohol from any other source

than as was willingly provided by Lucky Bar employees/staff.

24.     Subsequent to the incident, ABRA investigated the incident and concluded, based

on interviews with numerous witnesses, including Lucky Bar's owner Paul Lusty and Mr.

Feinberg's server, Antoine Lyers, that "[Lucky Bar] over-served alcoholic beverages to [Mr.

Feinberg] **which contributed to the incident and employees did not follow the**

**establishment's security plan on file with ABRA.**" (emphasis added).

25.     According to ABRA's investigatory report of the incident, Mr. Lusty, the owner

of Lucky Bar who was physically present at the time of the incident, admitted to ABRA that

"Mr. Feinberg was definitely intoxicated at the time of the incident."

26.     Having established that Mr. Feinberg was served by Lucky Bar while he was

already intoxicated, the ABRA investigator concluded that:

> [Lucky Bar employee] Mr. Lyer's service of alcoholic beverages to Mr. Feinberg
> was not cut off due to Mr. Feinberg's intoxication placing Lucky Bar in violation
> of their security plan and in violation of D.C. §25-741(b), Go Cups and Back Up
> Drinks Prohibited, as well as D.C. §25-781, Sale to Minors and Intoxicated Per-
> sons Prohibited.

27.     As a direct and proximate result of Defendant's tortious actions and omissions as

aforesaid, Plaintiff Mr. Feinberg suffered severe, debilitating and permanent physical and emo-

tional injuries, including but not limited to: concussion with loss of consciousness of unspecified

duration; closed dislocation of his left shoulder; closed fractures of his left humerus (in two sepa-

rate places); tooth loss; fractured tooth; rotator cuff tendonitis; lacerations to his chin, left elbow, and mandible; abrasions to his left trunk and right knee; and multiple other contusions.

28.     As a further direct and proximate result of Defendant's negligent acts, Plaintiff Mr. Feinberg suffered and will continue to suffer intense physical and emotional pain and suffering.

29.     As a further direct and proximate result of Defendant's negligent acts, Plaintiff Mr. Feinberg has incurred and will in the future continue to incur significant medical expenses.

30.     As a further direct and proximate result of Defendant's negligent acts, Plaintiff Mr. Feinberg has incurred, and will in the future incur, lost wages.

31.     As a further direct and proximate result of Defendant's negligent acts, Plaintiff Mr. Feinberg was, and continues to be, prevented from pursuing his normal routine and customary activities.

### COUNT I
### (Negligence *Per Se – Michael S. Feinberg*)

32.     Paragraphs 1 – 31 above are hereby incorporated by reference as if set forth fully herein.

33.     At the time the incident occurred, D.C. Code § 25-781, entitled "Sale to Minor or Intoxicated Persons Prohibited" was in effect in the District of Columbia.

34.     Pursuant to D.C. Code § 25-781(a)(2), Lucky Bar owed Plaintiff Mr. Feinberg a statutory duty not to sell or deliver alcoholic beverages to an intoxicated person, or to any person who appears to be intoxicated.

35.     Pursuant to D.C. Code § 25-781(b)(2), Lucky Bar owed Plaintiff Mr. Feinberg a statutory duty not to permit at its establishment the consumption of an alcoholic beverage by an intoxicated person, or by any person who appears to be intoxicated.

6

36.     Pursuant to D.C. Code § 25-741(b), Lucky Bar owed Plaintiff Mr. Feinberg a statutory duty not to serve back-up drinks to its customer.

37.     Lucky Bar's status as a retail licensee imposes upon it these specific statutory duties.

38.     D.C. Code §§ 25-781 and 25-741 are designed to promote the safety of a retail licensee's patrons, including, *inter alia*, those who may become intoxicated, who are intoxicated, or who appear to be intoxicated.

39.     Plaintiff Mr. Feinberg was at all relevant times a member of the class and/or classes intended to be protected by D.C. Code §§ 25-781 and 25-741.

40.     Lucky Bar is an entity upon which specific duties, as described above, are imposed by D.C. Code §§ 25-781 and 25-741.

41.     Lucky Bar sold, gave, served, delivered, or dispensed alcoholic beverages to Plaintiff Mr. Feinberg on the day of the incident described in this Complaint.

42.     As a result of the consumption of alcoholic beverages sold, given, served, delivered, or dispensed to Plaintiff Mr. Feinberg by Lucky Bar and on its premises, Plaintiff Mr. Feinberg became intoxicated and appeared to be intoxicated during the hours leading up to the incident.

43.     In violation of D.C. Code § 25-781(a)(2), Lucky Bar sold or delivered alcoholic beverages to Plaintiff Mr. Feinberg after he became intoxicated and appeared to be intoxicated prior to the incident.

44.     In violation of D.C. Code § 25-781(b)(2), Lucky Bar permitted Plaintiff Mr. Feinberg to consume alcoholic beverages after he had become intoxicated and appeared to be intoxicated prior to the incident.

7

45.     Lucky Bar served back-up drinks to Plaintiff Mr. Feinberg, in violation of D.C. Code § 25-741(b).

46.     Lucky Bar's violations of D.C. Code §§ 25-781 and 25-741, constituted negligence *per se*.

47.     At the time of the incident, Lucky Bar had in place a security plan which addressed, *inter alia*, intoxicated patrons.

48.     Lucky Bar violated its own security plan, including *inter alia*, Section IX thereof, by continuing to serve alcohol to Plaintiff Mr. Feinberg and by permitting him to consume alcohol on its premises after he became intoxicated and appeared to be intoxicated.

49.     ABRA concluded that Lucky Bar's acts and omissions as aforesaid were in violation not only of its own security plan, but also in violation of D.C. Code §§ 25-741 and 25-781.

50.     As a direct and proximate result of Defendant's statutory violations and violations of its own security plan as aforesaid, Plaintiff Mr. Feinberg suffered the severe, permanent and debilitating injuries discussed above.

51.     But for Lucky Bar's negligent acts or omissions as aforesaid, the incident would not have occurred and Plaintiff Mr. Feinberg would not have suffered such injuries.

52.     By violating D.C. Code §§ 25-781 and/or § 25-741, Lucky Bar is liable for all of the damages Plaintiff Mr. Feinberg suffered as a result of those violations.

53.     Plaintiff Mr. Feinberg's physical and emotional injuries are a direct result of Lucky Bar's failure to comply with D.C. Code §§ 25-781 and/or 25-741. Moreover, the harms Plaintiff Mr. Feinberg suffered directly result from the risks that the statute was designed to protect against.

54.     As a direct and proximate result of Lucky Bar's violations of D.C. Code §§ 25-781 and/or 25-741, Plaintiff Mr. Feinberg experienced, and will continue to experience, pain and suffering, physical injuries, and severe emotional distress; was prevented from pursuing his usual routine activities; suffered humiliation and embarrassment; and was caused economic damages including, but not limited to, expenses for hospital care and additional medical care, expenses for future medical care, lost earnings and lost earnings capacity.

WHEREFORE, Plaintiff Mr. Feinberg demands judgment against Lucky Bar as follows: (1) for compensatory damages in the amount of $2,000,000.00, which amount shall be proven at trial; (2) for costs and expenses associated with this suit; and (3) for such other and further relief as this Court deems appropriate.

## COUNT II
### (Loss of Consortium – Stephanie I. Feinberg)

55.     Paragraphs 1 – 54 are incorporated by reference as though fully set forth herein.

56.     At all relevant times herein, Plaintiffs were husband and wife, having been lawfully married on June 8, 1997, in the State of Florida.

57.     Defendant committed the torts against Plaintiff Mr. Feinberg, as aforesaid.

58.     As a direct and proximate result of Defendant's commission of the aforesaid torts against Plaintiff Mr. Feinberg, Plaintiff Mrs. Feinberg suffered and incurred a loss of consortium, including but not limited to, a loss of material services, affection, companionship, sexual relations, and the customary amenities of married life.

WHEREFORE, Plaintiff Mrs. Feinberg demands judgment against Lucky Bar as follows: (1) for compensatory damages in the amount of $1,000,000.00, which amount shall be proven at

trial; (2) for costs and expenses associated with this suit; and (3) for such other and further relief as this Court deems appropriate.

### Jury Trial Requested

Plaintiff, by counsel, respectfully requests a trial by jury on all issues to the maximum extent permitted by law.

Respectfully submitted,

**MICHAEL S. FEINBERG**
**STEPHANIE I. FEINBERG**

By:

Peter C. Grenier, Esquire (DC Bar # 418570)
Stan M. Doerrer, Esquire (DC Bar # 502496)
GRENIER LAW GROUP PLLC
1400 L Street, N.W.
Suite 420
Washington, D.C. 20005
(202) 768-9600 (telephone)
(202) 768-9604 (facsimile)
pgrenier@grenierlawgroup.com
sdoerrer@grenierlawgroup.com
*Counsel for Plaintiffs*

Dated:  April 15, 2016