IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL S. FEINBERG, *et al.* | : | |
| | : | |
| *Plaintiffs*, | : | Civil Action No. 1:16-cv-00714 |
| | : | |
| v. | : | |
| | : | |
| PLANET F, INC. d/b/a LUCKY BAR | : | |
| | : | |
| *Defendant.* | : | |

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Planet F, Inc. d/b/a Lucky Bar ("Lucky Bar"), by and through undersigned counsel, Timmerman, Beaulieu, Hinkle & Esworthy, LLC, hereby files this Answer and Affirmative Defenses, and states as follows:

Jurisdiction and Venue

1.      The allegations contained in this paragraph constitute legal conclusions to which no response is required.

2.      Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in this paragraph.

3.      The allegations contained in this paragraph constitute legal conclusions to which no response is required.

Parties

4.      Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in this paragraph.

5.      Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in this paragraph.

6.      Defendant lacks knowledge or information sufficient to admit or deny the truth of the

allegations contained in this paragraph.

7.      Admitted.

## Factual Background

8.      Admitted.

9.      Admitted.

10.     Defendant lacks knowledge or information sufficient to admit or deny the truth of

the allegations contained in this paragraph

11.     Defendant lacks knowledge or information sufficient to admit or deny the truth of

the allegations contained in this paragraph.

12.     Defendant admits that Plaintiff Mr. Feinberg consumed beer while at Lucky Bar but

denies the balance of the paragraph.

13.     Defendant admits that Plaintiffs' table had beer served to it during their time at

Lucky Bar on the day at issue. Defendant states that the balance of the paragraph constitutes legal

conclusions to which no response is required.

14.     Defendant admits that Mr. Feinberg consumed beer on the date at issue, but after

reasonable investigation, Defendant is without knowledge or information at this time sufficient to

form a belief as to the exact number of beers he consumed. Defendant further denies that all of Mr.

Feinberg's beer consumption was within "plain view" of Defendant.

15.     Denied.

16.     Defendant admits that, around the suggested timeframe, Mr. Feinberg appears to

have gone upstairs and that a bathroom is up the stairs towards the rear of the bar. Defendant

denies the balance of the paragraph.

17.     Denied.

18.      Defendant admits that Mr. Feinberg appeared to have fallen down the stairs but denies the balance of the paragraph.

19.      Denied in part, admitted in part. Defendant admits Mr. Feinberg appeared injured when discovered at the bottom of the stairs. Defendant denies the balance the paragraph in that it contains statements and phrases that are subjective in nature.

20.      Denied.

21.      Admitted.

22.      Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in this paragraph.

23.      Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in this paragraph.

24.      Admitted in part. Defendant admits that ABRA conducted an investigation, the results of which are a matter of public record.

25.      Admitted in part. Defendant admits that ABRA conducted an investigation, the results of which are a matter of public record. Defendant's owner does not recall the exact words he used when speaking with the investigator but never stated that Mr. Feinberg appeared visibly intoxicated prior to the incident at issue.

26.      Admitted in part. Lucky Bar admits that ABRA conducted an investigation, the results of which are a matter of public record.

27.      The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

28.      The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

29.     The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

30.     The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

31.     The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

## COUNT I
### (Negligence *Per Se - Michael S. Feinberg*)

32.     Defendant incorporates its responses to foregoing paragraphs as if fully set forth at length herein.

33.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

34.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

35.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

36.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

37.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

38.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

39.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

40.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

41.     Admitted.

42.     Defendant denies that Mr. Feinberg appeared visibly intoxicated before the incident. Defendant lacks knowledge or information at this time sufficient to admit or deny the truth of the remaining allegations contained in this paragraph.

43.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

44.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

45.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

46.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

47.     Admitted.

48.     Denied.

49.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.

50.     The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

51.     The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

52.     The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

53.     The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

54.     The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

WHEREFORE, Defendant, Planet F, Inc. d/b/a Lucky Bar demands judgment in its favor and against Plaintiff together with attorneys' fees, interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT II
### (*Loss of Consortium – Stephanie I. Feinberg*)

55.     Defendant incorporates its responses to foregoing paragraphs as if fully set forth at length herein.

56.     Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in this paragraph.

57.     Denied.

58.     The allegations contained in this paragraph constitute legal conclusions to which no response is required, therefore it is denied.

WHEREFORE, Defendant, Planet F, Inc. d/b/a Lucky Bar demands judgment in its favor and against Plaintiff together with attorneys' fees, interest and costs and whatever further relief this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state claims upon which relief may be granted.

2.     Plaintiffs' alleged injuries and damages, if any, were caused by Mr. Feinberg's own negligence, and therefore are barred and/or limited.

3.     Plaintiffs' claims are barred and/or limited by Mr. Feinberg's assumption of the risk.

4.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred as the loss allegedly sustained was not due to the acts or omissions of Defendant.

6.      Plaintiffs' claims fail to state a claim under D.C. Code §§ 25-741 and 25-781, *et seq.*

7.      Defendant asserts all rights and defenses set forth in D.C. Code §§ 25-741 and 25-781, *et seq.*

8.      Defendant reserves the right to supplement this Answer as discovery proceeds.

WHEREFORE, Defendant, Planet F, Inc. d/b/a Lucky Bar demands judgment in its favor and against Plaintiff together with attorneys' fees, interest and costs and whatever further relief this Honorable Court deems appropriate.

Respectfully submitted,

TIMMERMAN, BEAULIEU, HINKLE & ESWORTHY, LLC


BY:      /S/ Jason P. Beaulieu
         JASON P. BEAULIEU, ESQ. (BAR NO. 982511)
         29 W. SUSQUEHANNA AVE.
         SUITE 402
         TOWSON, MD 21204
         (443) 608-5515
         jpb@tbhelaw.com
         *On behalf of Defendant, Planet F, Inc. d/b/a Lucky Bar*

Dated: June 1, 2016

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MICHAEL S. FEINBERG, *et al.* | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 1:16-cv-00714 |
| | : | |
| v. | : | |
| | : | |
| PLANET F, INC. d/b/a LUCKY BAR | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of June, 2016, a true and correct copy

of Defendant, Planet F, Inc. d/b/a Lucky Bar's Answer to Plaintiffs' Complaint was served

electronically upon all counsel of record via the Court's ECF system.

Respectfully submitted,

/s/ Jason P. Beaulieu
JASON P. BEAULIEU (BAR NO. 982511)
TIMMERMAN, BEAULIEU, HINKLE & ESWORTHY, LLC
29 W. SUSQUEHANNA AVE.
SUITE 402
TOWSON, MD 21204
(443) 608-5515
jpb@tbhelaw.com
*On behalf of Defendant, Planet F, Inc. d/b/a Lucky Bar*